IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 21-CR-30171-SPM |
| LITRELL YATES, | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Litrell Yates' *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and the United States Sentencing Guidelines Manual § 1B1.10 ("Guidelines"), making Amendment 821 retroactive (Doc. 71). The Office of the Federal Public Defender filed an entry, but then also filed a motion to withdraw advising that Mr. Yates is not eligible for a sentence reduction (Docs. 73, 74).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is

retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, the Court concurs that Mr. Yates is ineligible for relief under Amendment 821. Indeed, Mr. Yates received no status point enhancement nor was he a zero-point offender. At the time of sentencing, Mr. Yates' total offense level was 29 and his criminal history category was I (1 point), which provided for a sentencing range of between 87 and 108 months (SEALED Doc. 42). The Court imposed a sentence of 66 months, which was below the advisory guidelines range (*See* Doc 61).

In accordance with the foregoing, the Court **DENIES** the motion for further reduction (Doc. 71), and further **GRANTS** the motion to withdraw (Doc. 74).

**IT IS SO ORDERED.**

**DATED:  January 29, 2024**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**